IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: 21-cv-23844-FAM

WILLIAM JOSE GUERRERO-VARGAS,
and other similarly situated individuals

    *Plaintiff*,

v.

AMF INDUSTRIAL, LLC, and CARLOS J.
AROCHA ESTRADA,

    *Defendants*.
_____/

## DEFENDANTS' MOTION TO DISMISS COMPLAINT

Defendants, AMF INDUSTRIAL, LLC, and CARLOS J. AROCHA ESTRADA ("Defendants"), by and through the undersigned counsel, hereby file this Motion to Dismiss Plaintiff's Complaint and in support thereof state and pray as follows:

### INTRODUCTION

On October 13, 2021, Plaintiff William Jose Guerrero Vargas ("Plaintiff" or "Guerrero") initiated this action against Defendants claiming unpaid overtime and asserting one single count for violation of federal overtime wages under the Fair Labor Standards Act (FLSA). Plaintiff's allegations against Defendants suffer from pleading deficiencies that warrant the dismissal of the complaint for failure to state a claim in accordance with Federal Rule of Civil Procedure 12(b)(6).

### STANDARD OF REVIEW

When facing a motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint's allegations as true and must construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F. 3d 1282, 1284 (11th Cir. 2008). "To

survive a motion to dismiss, a complaint must contain factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under Fed. R. Civ. P. 8(a)(2), a pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A plaintiff must therefore articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. at 570. The mere possibility that the defendant acted in an unlawful manner is insufficient to survive a motion to dismiss. *Sinaltrainal v. Coca-Cola Co.*, 758 F. 3d 1252, 1261 (11th Cir. 2009). In conducting its analysis of the sufficiency of a complaint, the Court limits its consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint and matters judicially noted. *Greene v. H & R Block E. Enterprises, Inc.*, 727 F. Supp. 2d 1363, 1366 (S.D. Fla. 2010) (internal quotations omitted); *La Grasta v. First Union Sec., Inc.*, 358 F. 3d 840, 845 (11th Cir. 2004).

Where the allegations "possess enough heft" to suggest a plausible entitlement to relief, the case may proceed. *Twombly*, 550 U.S. at 557. The standard merely requires enough facts to raise a reasonable expectation that discovery will reveal evidence of the required element. *Rivell v. Private Health Care Sys., Inc.*, 520 F. 3d 1308, 1309 (11th Cir. 2008). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Nevertheless, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

## ARGUMENT

A. Plaintiff Has Failed to State a Claim for Enterprise Coverage under the FLSA

To state a claim under FLSA, the complaint must plausibly allege that either the plaintiff or his employer was engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207 (a)(1).

Enterprise coverage applies to an employer which: a) has employees engaged in commerce or the production of goods for commerce, or has employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and b) has at least $500,000.00 of annually gross volume of sales or business done (exclusive of excise taxes at the retail level that are separately stated). 29 U.S.C. § 203(s)(1)(A). See *Ceant v. Aventura Limousine & Transp. Service, Inc.*, 874 F. Supp. 2d 1373, S.D. Fla. 2012)

"Commerce" means trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof. 29 U.S.C. §203(b).

To successfully plead a claim for enterprise coverage a plaintiff must include some actual facts – not mere labels and conclusions – plausibly connecting an employer's business to interstate commerce. *Sobinski v. Learning Connections of Pensacola, LLC*, 3:14-cv-00345-RS-CJK, 2014 WL 5092268, at *3 (N.D. Fla. Oct. 9, 2014). And provide factual allegations as to the nature of the employer's business linking it to interstate commerce to satisfy the requirements for pleading enterprise coverage. *Ceant*, 874 F. Supp. 2d at 1377.

A cursory review of the complaint filed in the instant case shows that it totally lacks factual allegations about the nature of Defendants' business. The complaint does not state what kind of services Defendants provide to customers or whether such services are tied to interstate commerce. Instead, the complaint merely alleges in a totally conclusory fashion that the "…Defendant Corporation was the FLSA employer…" Complaint, at ¶ 6; that "Defendants' business activities

involve those to which the Fair Labor Standards Act applies", Complaint at ¶ 13; that the "Defendants' business … affected interstate commerce…" Id.

These allegations are not enough to properly plead enterprise coverage. These allegations are totally devoid of any details or factual information that connects Defendants' business to interstate commerce. In accordance with the pleading standard set forth by the Supreme Court in *Twombly* and *Iqbal* these allegations do not pass muster. They are too vague and unspecific, insufficient to show that Defendants engaged in interstate commerce. Indeed, these allegations merely parrot the elements of the claim.

Consequently, the Court should dismiss the complaint insofar as its allegations pertaining to enterprise coverage are legally insufficient.

### B. Plaintiff Has Failed to Allege Facts Supporting a Willful Violation of the FLSA to Support Plaintiff's Right to Liquidated Damages

Plaintiff has averred that "Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act…" Complaint, ¶ 29. This allegation, however, is just a mere legal conclusion, totally devoid of factual support. Whenever a plaintiff intends to state a claim for knowing or willful violation of the FLSA, he must show "that the employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). By the same token, a plaintiff must allege sufficient facts to show an entitlement to liquidated damages. *Stewart v. Sterling Technology Solutions, LLC*, 6:10-cv-630-Orl-28DAB, 2012 WL 2680798, at *4 (M.D. Fla. June 12, 2012). The complaint as it stands right now does not provide any factual support to sustain that Defendants' alleged actions were willful.

Hence, the Complaint at bar should be dismissed on account that it lacks factual support to establish that the alleged actions of the Defendants were willful or that Plaintiff is entitled to liquidated damages. Defendants so request.

WHEREFORE, in light of the clear deficiencies present in the complaint, Defendants request that the Court enter an Order dismissing the same.

Dated: this 22nd day of December 2021.

> Respectfully Submitted,
>
> **TREMBLY LAW FIRM**
> *Attorneys for Defendant*
> 9700 South Dixie Highway, PH 1100
> Miami, Florida 33156
> Telephone: (305) 431-5678
> E-Mail: yadhira@tremblylaw.com
> E-Mail: service@tremblylaw.com
>
> By: **Yadhira Ramírez-Toro**
>     Yadhira Ramírez-Toro, Esq.
>     Florida Bar No. 120506
>     *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of December 2021, a copy of the foregoing has been filed with the court using the CM/ECF system that in turn will send notice of the same to all counsel of record.

> By: **Yadhira Ramírez-Toro**
>     Yadhira Ramírez-Toro, Esq.
>     Florida Bar No. 120506