UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-23844-FAM

WILLIAM JOSE GUERRERO VARGAS, and )
all others similarly situated under 29 U.S.C. )
216(b), )
)
       Plaintiff, )
  vs. )
)
AMF INDUSTRIAL LLC AND CARLOS J. )
ARCHOA ESTRADA )
)
       Defendants. )

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS [DE 13]

COMES NOW the Plaintiff, by and through the undersigned counsel, hereby files this Response in Opposition to Defendants' Motion to Dismiss for Failure to State a Claim, filed by Defendants as [DE 13], and in support thereof states as follows:

1. This matter sounds under the Fair Labor Standards Act ("FLSA") regarding allegations for overtime wage violations under 29 U.S.C. §§ 201-216 and was filed on October 13, 2021.

2. Defendants removed this case from State County Court on November 1, 2021. *See* Complaint at [DE 1-2, Pp.6-11].

3. On November 10, 2021, Defendants requested an extension of 30 additional days to respond to the Complaint, which the Court granted at DE 9 allowing until December 20th, 2021 for the Defendants to respond to the Complaint.

4. On December 20th, 2021, Defendants filed yet another motion for another 30 days to respond to the Complaint. DE 12.

1

5. The instant Motion to dismiss at DE 13, appears to be a "cookie-cutter" pleading that may have been filed in light of the pending second motion for an additional 30 days at DE 12 which was filed on the December 20th, 2021, the response due date as per the Order at DE 9.

6. Defendants' Motion [DE 13] seeks to dismiss Plaintiff's claims for allegedly failing to set forth sufficient factual allegations regarding FLSA coverage/subject-matter jurisdiction (i.e. enterprise coverage and individual coverage). The Motion to Dismiss specifically challenges the sufficiency of Plaintiff's allegations as to Defendants' business function and Defendants' intentional violation of the FLSA.

7. As set forth *supra,* there are sufficient allegations in the Complaint alleging the position Plaintiff had and Defendants' business while employed by Defendants, the dates that Plaintiff was employed by Defendants, and FLSA coverage/subject-matter jurisdiction.

8. At this point in light of the facts pled, Defendants are in a position to answer the Complaint at [DE 1-2] and raise their affirmative defenses and, as the discovery process commences Plaintiff will need to take various depositions and engage in further discovery as to issues related to Plaintiff's adequately alleged Complaint.

9. Therefore, Defendants' Motion to Dismiss for Failure to State a Claim [DE 13] should be denied in its entirety and the Court should order Defendants to file an Answer so that Plaintiff can know Defendants' position in the case at bar with regards to their affirmative defenses. *Should* the Court grant Defendants any relief on their Motion at [DE 13], Plaintiff respectfully requests fourteen (14) days from the date of the Court's Order to file an Amended Complaint.

## **MEMORANDUM OF LAW**

Motion to Dismiss Standard.

In deciding a motion to dismiss, the Court accepts the facts of the complaint as true in a light favorable to the non-moving party. *Clifton v. Kinney*, 2006 U.S. Dist. Lexis 85256, *1 (M.D. Fla. 2006), *citing Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004), *citing Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). To succeed on their Motion to Dismiss, pursuant to the applicable standard of review, Defendants in the case at bar must demonstrate "beyond doubt" that "no set of facts" could entitle Plaintiff to relief. *75 Acres, LLC v. Miami-Dade County*, 338 F.3d 1288, 1293 (11th Cir. 2003).

Moreover, Rule 8 of the Federal Rules of Civil Procedure states a Complaint "shall contain … a short and plain statement" setting forth entitlement to relief and "'give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Swierkiewicz v. Sorema*, N.A., 534 U.S. 506 (2002), *quoting Conley v. Gibson*, 355 U.S. 41 (1957). In an FLSA matter, the Court should ask whether "no facts are alleged showing that the plaintiffs, if those facts be true, are entitled to relief". *Daves et al. v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 646 (U.S. Dist. Hawaii 1953).

The case of *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (U.S. 2009) adopted the Supreme Court's previous ruling in *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (U.S. 2007). The *Iqbal* decision dealt with a *Bivens* action while the *Twombly* Court dealt with the pleading standards as related to the Sherman Act. Neither case dealt with the pleading standards relating to the Fair Labor Standards Act. The Eleventh Circuit interpreting the *Twombley* motion to dismiss standard in relation to Fair Labor Standard Act cases stated:

> We have explained that the Rule 8(a)(2) pleading standard articulated by the Supreme Court in *Twombley* is "one of 'plausible grounds to infer.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly, 127 S. Ct.* at 1965*)*. To state a claim with sufficient specificity "'requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Id*. The rule "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id*. at 1296.
>
> In applying these standards to the FLSA claims in this case, we review the Secretary's complaint to determine whether its allegations plausibly indicate that Labbe failed to pay minimum wage and overtime compensation and failed to keep employment records as required by FLSA. Unlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward. The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act. *See* 29 U.S.C. §§ 206, 207, and 215(a)(2) and (5). There is no need to prove intent or causation that might require more extensive pleading. *See Chao v. Rivendell Woods, Inc*., 415 F.3d 342, 348 (4th Cir. 2005) (finding a FLSA complaint sufficient under Rule 8(a)(2) where it identified the employees who were alleged to have worked overtime, described the manner of the employer's repeated violations of the overtime and record-keeping provisions of FLSA, and alleged the time frame in which these violations occurred). [Emphasis added].

*Sec'y of Labor v. Labbe*, 319 Fed. Appx. 761, 763 (11th Cir. Fla. 2008). Additionally, the

Southern District of Florida in interpreting *Twombly* as it relates to FLSA matters and citing to

the Eleventh Circuit decision on *Sec'y of Labor v. Labbe*, 319 Fed. Appx. 761, 763 (11th Cir. Fla.

2008). stated:

> Under Fed. R. Civ. P. 12(b)(6), a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action. *Glover v. Liggett Group, Inc.,* 459 F.3d 1304, 1308 (11th Cir. 2006). Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929

4

>(2007). Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570).
>
>Nonetheless, a complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. *Twombly,* 550 U.S. at 555.
>
> A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. *Id.* Accordingly, a well pleaded complaint will survive a motion to dismiss "'even if it appears that a recovery is very remote and unlikely.'" *Id.* at 556.
>
>Moreover, "[u]nlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward." *Sec'y of Labor v. Labbe*, 319 Fed. App'x. 761, 763 (11th Cir. Fla. 2008). "The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act." *Id.* (citing 29 U.S.C. §§ 206, 207, and 215(a)(2) and (5)).

*Schlinsky v. Action Video Prod.*, 2010 U.S. Dist. LEXIS 2430 (S.D. Fla. Jan. 13, 2010). See also *Marcelle v. Am. Nat'l Delivery, Inc.*, 2010 U.S. Dist. LEXIS 40248 (M.D. Fla. Apr. 23, 2010) ("the elements that must be shown to allege a violation of the FLSA's overtime pay requirements are "quite straightforward") *citation omitted*.

Consequently, although *Iqbal* and *Twombly* require more detailed pleadings as compared to the minimal pleading requirements under previous law, as stated FLSA matters are quite straightforward, and in the instant matter, thus, minimal pleading requirements apply to FLSA matters, and in the instant matter, Defendants cannot claim they do not understand what the allegations are regarding FLSA coverage, and can therefore either admit or deny the allegations. As set forth below, Defendants have not shown as a matter of fact or law that dispositive relief is

justified. *See also, Schainberg v. Urological Consultants of S. Fla., P.A.,* No. 12-21721-CIV, 2012 WL 3062292, at *1 (S.D. Fla. July 26, 2012).

"Defendants' argument is unpersuasive because, at this early stage of the case, Plaintiff need only meet minimal pleading requirements because specificity – on whether items moved in interstate commerce and where they were purchased – is information most often in the hands of a defendant. That is, "an allegation of 'enterprise' coverage need not attempt to set out a separate allegation of the defendant's sales or a description of the activities of other employees," because "that would only involve gross speculation and not provide [Defendants] with meaningful information because ... [D]efendant[s] already ha[ve] knowledge of such information." *Farrell v. Pike*, 342 F. Supp. 2d 433, 439 (M.D.N.C. 2004) ("[B]are bones allegations are acceptable for 'enterprise' coverage, and it is best that discovery proceed and the issues concerning gross sales and type of interstate activity be left for summary judgment or trial."). This means that, while Plaintiff "has not plead the connection to interstate commerce with great specificity, h[is] [c]omplaint is sufficient to withstand a motion to dismiss." *Rodriguez v. Cortes*, 2009 WL 10667873, at *3 (S.D. Fla. Mar. 26, 2009). Therefore, Defendants' argument with respect to the first prong for enterprise coverage lacks merit."
<u>Medina v. DM Fence Corp.</u>, No. 18-24079-CIV, 2019 WL 1112347, at *3 (S.D. Fla. Jan. 28, 2019), report and recommendation adopted, No. 18-24079-CIV, 2019 WL 2255563 (S.D. Fla. Feb. 14, 2019)

### i.   **ALLEGATIONS FOUND AT ¶¶ 11, 12, 13, 14, 15, AND 16 SUFFICIENTLY ALLEGE ENTERPRISE COVERAGE UNDER THE FLSA'S PLEADING REQUIREMENTS AS STATED BELOW.**

Defendants *incorrectly* argue that the allegations concerning Defendants' business are insufficient and warrant dismissal. See Complaint DE 1-2, Pp.7-9, ¶¶ 11, 12, 13, 14, and 15. At

¶¶ 11 and 12 of Plaintiff's Complaint, describe the Defendants' business as an auto parts seller since these were the goods that Plaintiff handled in the Defendants warehouse; when these paragraphs are read in conjunction with the rest of the Complaint, even a drastically blurred imagination would be hard pressed not to know what type of business the Defendants conducted.

Likewise, the allegations as to a willful violation and the request for liquidated damages is properly plead. *See* DE 1-2, P.10, ¶ 29 and the "Wherefore", clause at P.11 of the Complaint. See *Davila v. Menendez*, 717 F.3d 1179, (11th Cir. 2013). The Motion to dismiss should be denied accordingly.

"[T]he requirements to state a claim of a FLSA violation are quite straightforward." *Sec'y of Labor v. Labbe,* 319 F. App'x 761, 763 (11th Cir.2008). As applicable to the claims at issue, Mr. Moreno need only allege that Ferretti was his employer, Ferretti was engaged in interstate commerce, and that Ferretti failed to pay him overtime compensation. *See* 29 U.S.C. §§ 203, 206, 207; *see also Morgan v. Family Dollar Stores, Inc.,* 551 F.3d 1233, 1277 n. 68 (11th Cir.2008) (to establish a prima facie FLSA case, an employee must demonstrate an employment relationship, that the employer engaged in interstate commerce, and that the employee worked over forty hours per week but was not paid overtime wages)…… The FLSA's wage requirements apply to enterprises engaged in commerce or in the production of goods for commerce, that has employees engaged in commerce or handles, sells or otherwise works on goods or materials that are in commerce, and has annual gross sales of $500,000.00 or more. *See* 29 U.S.C. § 203(s)(1)(A). Ferretti also argues that Mr. Moreno fails to show that he was engaged in commerce. I disagree, as even a casual reading of the complaint proves otherwise. The complaint alleges that Ferretti is an enterprise that grossed over $500,000.00 annually for the years 2007, 2008, 2009 and 2010. (Compl.10, 15). Mr. Moreno also alleges that his work for Ferretti

"affected interstate commerce for the relevant time period because the products and materials that [Mr. Moreno] used on a constant and continual basis and that were supplied to him by [Ferretti] to use on the job moved through interstate commerce." (Compl.14). Mr. Moreno has sufficiently pled that Ferretti was engaged in commerce" *Moreno v. Ferretti Grp. of Am., LLC.*, No. 10-24507-CIV, 2011 WL 4499031, at *2 (S.D. Fla. Sept. 27, 2011).

"Thus, to properly allege individual or enterprise coverage, Ceant need not do much. Aside from stating the nature of his work and the nature of Aventura Limousine's business, he must provide only straightforward allegations connecting that work to interstate commerce. *See Kinzer v. Stelling,* 2012 WL 1405694, at *2–*3 (M.D.Fla. Mar. 28, 2012) (Spaulding, J.) (FLSA coverage properly stated where complaint alleged that defendant operated retail gas station, convenience store, and car repair shop and sold gasoline and other items that had traveled in interstate commerce); *Gonzalez v. Unidad of Miami Beach, Inc.,* 2011 WL 2983671, at *2 (S.D.Fla. July 22, 2011) (Huck, J.) (FLSA coverage properly stated where complaint alleged that defendants' employees "regularly sold, handled, or otherwise worked on goods and/or materials that had been moved or produced for commerce," and that defendant "was an enterprise engaged in commerce ... as defined by the FLSA"); *Schlinsky v. Action Video Prods., Inc.,* 2010 WL 227910, at *2 (S.D.Fla. Jan. 13, 2010) (Cohn, J.) (same); *Roberts v. Caballero & Castellanos, PL,* 2010 WL 114001, at *3 (S.D.Fla. Jan. 11, 2010) (Moore, J.) (FLSA coverage adequately pled by allegations that the employer engages in interstate commerce and operates as an organization that sells or markets its goods and services to customers throughout the United States and also provides its services for goods sold and transported from across state lines, and accepts funds from non-Florida sources, and uses

telephonic transmissions going over state lines to do business)."

*Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1378 (S.D. Fla. 2012)

As to the interstate commerce prong of enterprise coverage, on 8/31/10 the Eleventh Circuit rendered a decision in the consolidated matter of *Polycarpe et al. v. E & S Landscaping*, 616 F.3d 1217 (11th Cir. 2010). Prior to such decision, there was a split in this Circuit on the issue of enterprise coverage. However, *Polycarpe* clarified that in this Circuit, it is now of no consequence if the goods have "come to rest"--there is no continuity requirement, and enterprise coverage is triggered so long as the employees have, pursuant to 29 U.S.C. Section 203(s)(1)(A)(i), handled, sold or worked with goods "that have been moved in or produced for commerce." 616 F.3d, at *5-6 (LEXIS pagination). The *Polycarpe* Court stated that "we must vacate the judgment for the Defendant if there is a question about where the "goods" or "materials" were produced or where they have moved. The district courts will need to make some further decisions about the interstate history of the items in these cases." *Id*. Consequently, from whatever prism *Polycarpe* is analyzed, it is clear, for example, that a defendant-employer can no longer argue that the employees' handling etc. of the goods or materials, that were merely manufactured outside of Florida (when the $500,000 threshold is met), is not sufficient interstate commerce as a matter of law.

In particular, the Complaint alleges interstate commerce and then alleges the $500,000 monetary threshold. *See* DE 1-2, Pp. 6-9, ¶¶ 11-16 of the Complaint for jurisdictional allegations]. Plaintiff has alleged the requisite interstate commerce and gross annual income thresholds, and consequently, the motion to dismiss should be denied.

Applying the Eleventh Circuit standard of *Sec'y of Labor v. Labbe* to the case at hand, Plaintiff has pled sufficient facts to demonstrate that that Defendants' business is an enterprise

covered under the FLSA pursuant to the Eleventh Circuit decision in *Polycarpe v. E&S Landscaping Serv., Inc*., 616 F.3d 1217, 1220 (11th Cir. 2010) which adopted this Court's analysis of enterprise coverage in *Galdames v. N & D Inv. Corp.*, 2008 U.S. Dist. LEXIS 73433 (S.D. Fla. 2008). As noted above, "at the motion to dismiss stage, under Fed. R. Civ. P. 12(b)(6), a court can only examine the four corners of a complaint. *Crowell v. Morgan Stanley Dean Witter Servs*., Co., Inc., 87 F. Supp.2d 1287 (S.D. Fla. 2000)."*Medina v. United Christian Evangelistic Ass'n,* 2009 U.S. Dist. LEXIS 16412 (S.D. Fla. Feb. 27, 2009). The four corners of the complaint allege sufficient facts for Defendants to formulate a proper answer to the complaint.

WHEREFORE Defendants' Motion to Dismiss for Failure to State a Claim [DE13] should be denied in its entirety and the Court should order Defendants to file an Answer so that Plaintiff can know Defendants' position in the case at bar with regards to their affirmative defenses. Should the Court grant Defendants any relief on their Motion to Dismiss for Failure to State a Claim [DE13], Plaintiff respectfully requests fourteen (14) days from the date of the Court's Order to file an Amended Complaint.

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Email: ZABOGADO@AOL.COM
Florida Bar Number: 0010121

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SERVED VIA CM/ECF ON 12/23/2021 TO:

Trembly Law Firm
Yadhira Ramirez-Toro, Esq.
9700 South Dixie Highway, Penthouse 1100
Miami, Florida 33156
Tel: 787-453-0115
Email: yadhira@tremblylaw.com

By:__/s/ J.H. Zidell_____
J.H. Zidell, Esq.