UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 21-23844-CIV-MORENO

WILLIAM JOSE GUERRERO-VARGAS,

   Plaintiff,

vs.

AMF INDUSTRIAL, LLC, and CARLOS J.
AROCHA-ESTRADA,

   Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendants AMF Industrial, LLC and Carlos J. Arocha Estrada's Motion to Dismiss Plaintiff William Jose Guerrero-Vargas's Complaint **(D.E. 13)**, filed on **December 22, 2022**. Plaintiff seeks recovery of unpaid overtime wages and liquidated damages under the Fair Labor Standards Act, 29 U.S.C. §201 et seq. For the reasons stated below, the motion is DENIED.

### Background

Plaintiff worked for Defendants as a warehouse worker from approximately September 24, 2018, until September 22, 2021. Plaintiff alleges that he often worked for Defendants more than forty hours a week, for which Defendants did not compensate him at one-and-a-half times his regular rate—a violation of § 207(a)(1) of the Fair Labor Standards Act. Plaintiff and Defendants' other employees handled goods or materials that travelled through interstate commerce. Defendants' gross revenues for 2018, 2019, and 2020 exceeded $500,000; Defendants' gross revenues for the first half of 2021 exceeded $250,000. Defendants moved to

dismiss Plaintiff's complaint for failure to state a claim in accordance with Federal Rule of Civil Procedure 12(b)(6).

## Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contains "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, the complaint must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true and must draw all inferences in favor of the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

## Analysis

The Fair Labor Standards Act requires that "an 'employee' who is 'engaged in interstate commerce' must be paid an overtime wage of one and one-half times his regular rate for all hours he works in excess of forty hours per week." *Josendis v. Wal to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011) (alterations adopted) (quoting 29 U.S.C. § 207(a)). If an employer fails to pay that statutory wage, the Fair Labor Standards Act creates a private cause of action for an employee against his employer for the recovery of unpaid wages and backpay. 29 U.S.C. § 216(b).

However, to be eligible for those wages, the plaintiff must show that he is covered under the Act. *See Josendis*, 662 F.3d at 1298. A plaintiff can establish coverage by one of two ways. The first is individual coverage, where the plaintiff "regularly and directly participates in the actual movement of persons or things in interstate commerce." *Id.* (alteration adopted and internal quotation marks omitted). The second is enterprise coverage. A plaintiff may assert enterprise coverage if his employer "has employees engaged in interstate commerce or in the production of goods for interstate commerce, or employees who handle, sell, or otherwise work on goods or materials that have been moved in, or produced for, interstate commerce by any person," and "has gross volume sales or business of at least $500,000 annually." *Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1376–77 (S.D. Fla. 2012).

First, Defendants argue that the Court must dismiss Plaintiff's complaint because Plaintiff has not stated a claim for enterprise coverage under the Fair Labor Standards Act. Specifically, Defendants allege that the complaint is too vague and unspecific, as it does not contain details or facts that connect Defendants' business to interstate commerce.

The Court disagrees. Plaintiff's complaint alleges that "Defendants regularly employed . . . employees . . . who handled goods or materials that travelled through interstate commerce and which were necessary to Defendants['] business operations, or used instrumentalities of interstate commerce." Although not detailed, these allegations constitute facts that state Plaintiff is a covered employee within the Fair Labor Standards Act. Plaintiff has alleged that Defendants are an enterprise that engaged in interstate commerce for the relevant period. Additionally, this Court has found that similarly phrased allegations have survived the motion-to-dismiss stage. *E.g.*, *Schlinsky v. Action Video Prods., Inc.*, 2010 WL 227910, at *2 (S.D. Fla. Jan. 13, 2010) (complaint stated that defendants' employees "regularly sold, handled, or otherwise worked on

goods and/or materials that had been moved in or produce for commerce"). Finally, Plaintiff has alleged that Defendants' gross sales exceed $500,000 annually.

Second, Defendants argue that Plaintiff has failed to allege facts supporting a willful violation of the Fair Labor Standards Act to support Plaintiff's right to liquidated damages. The Fair Labor Standards Act provides that an employer who violates § 206 or § 207 of the Act shall be liable for the unpaid wages and, in some cases where the employer willfully violated the Act, an additional equal amount as liquidated damages. 29 U.S.C. § 216(b). Plaintiff's allegations make clear that he will be pursuing liquidated damages, and he asserts that "Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements . . . and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act." Defendants argue that this is nothing more than a conclusory allegation and fails to meet the plausibility requirement.

This argument is also unpersuasive. The Eleventh Circuit has held that the plausibility requirement "does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1296 (11th Cir. 2007). Relying on this principle, the Eleventh Circuit has also explained that "the requirements to state a claim of a [Fair Labor Standards Act] violation are quite straightforward." *Sec'y of Lab. v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008). The plaintiff must simply allege "a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act" to survive a motion to dismiss. *Id.* "There is no need to

prove intent or causation that might require more extensive pleading." *Id.* (citing *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 348 (4th Cir. 2005)).

Plaintiff's complaint contains allegations of specific weeks where Plaintiff worked overtime and Defendants did not pay overtime compensation. Accepting such facts as true—as the Court must—Plaintiff has sufficiently alleged a plausible claim for a Fair Labor Standards Act violation. That Plaintiff may not have alleged specific facts showing a willful intent does not change this, as doing so is unnecessary.

DONE AND ORDERED in Chambers at Miami, Florida, this 1st of March 2022.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record