**CONFIDENTIAL SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE**

This Settlement Agreement and Mutual General Release (this "Settlement Agreement") is entered into as of the date of the last signature of the Parties (the "Effective Date") by and among AMF INDUSTRIAL, LLC., including its predecessors, successors and assigns, parent corporations, subsidiary corporations, affiliated corporations, attorneys, insurers and agents; and CARLOS J. AROCHA ESTRADA, including his heirs, representatives, attorneys, agents, insurers, successors, and assigns (hereinafter collectively referred to as "Defendants"), and WILLIAM JOSE GUERRERO-VARGAS, including his heirs, representatives, agents, insurers, successors, and assigns (hereinafter referred to as "Plaintiff"), (hereinafter Defendants and Plaintiff collectively referred to as the "Parties"), for good and valuable consideration, receipt of which is hereby acknowledged, and in order to resolve and settle finally, fully and completely all matters or disputes that now exist or may exist between them, agree as follows:

1. **Mutual General Release.** In consideration for the promises contained in this Agreement, the Parties unconditionally release and discharge each other and their respective affiliates, subsidiaries, related entities, employees, officers, directors, managers, members, heirs, successors, assigns, agents, representatives, attorneys, accountants, and consultants, past and present, and each of them, (collectively referred to as the "Released Parties") from any and all claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, or suspected or unsuspected, which either party now owns or holds, or has owned or held against the Released Parties from the beginning of the world through the Effective Date, including, but not limited to, any and all claims, demands, liabilities, causes of action, claims for any and all damages (including, but not limited to, compensatory damages, punitive damages, treble damages, consequential damages, incidental damages, or other special damages) and all incurred attorney's fees and costs, which arise out of, or are in any way connected with Plaintiff's employment with, or the separation of Plaintiff's employment with the Defendants, including but not limited to any claims relating in any way to the conduct, transactions or occurrences alleged, attempted to be alleged, or which could have been alleged in the Civil Action, or which arise out of or are in any way connected with any loss, damage, or injury whatsoever to Plaintiff resulting from any act or omission by or on the part of the Released Parties committed prior to the date of this Agreement that are allowed to be released by law. Included in the claims, demands, liabilities, and causes of action being released and discharged by Plaintiff are all claims under:

- Title VII of the 1964 Civil Rights Act;
- The Civil Rights Act of 1991;
- The Age Discrimination in Employment Act;
- The Older Workers Benefit Protection Act;
- The Equal Pay Act;
- The Fair Labor Standards Act ("FLSA");
- The Employee Retirement Income Security Act (ERISA);

1 of 9

WILLIAM JOSE GUERRERO-VARGAS      AMF INDUSTRIAL, LLC.
                                  CARLOS J. AROCHA ESTRADA

- The Americans with Disabilities Act of 1990;
- The Rehabilitation Act of 1973;
- The Family and Medical Leave Act of 1993;
- 42 U.S.C. §§ 1981, 1983, 1985(3), and 1986;
- The Occupational Safety and Health Act;
- The Florida Civil Rights Act, Chapter 760, Florida Statutes;
- The Florida Private Whistle-blower's Act of 1991;
- Chapter 11A of the Miami-Dade County Code;
- Any and all other laws, statutes, ordinances, treaties, rules or regulations of the United States of America, or any other country, state, county, municipality, or political subdivision thereof;
- Any claims arising under any other federal, state or local statute or act, ordinance, regulation, custom, rule or policy;
- Claims for breach of a contract, implied contract, or *quantum meruit*, or any cause of action or claim for tort damages, negligence or personal injury by, between, or among the Parties; and
- Claims under any instruments, agreements, or documents entered into by, between, or among the Parties.

Plaintiff expressly acknowledges and admits that this Settlement Agreement, constitutes a release and waiver that includes but is not limited to the above listed acts, statutes or ordinances. This Settlement Agreement bars any claim or demand for loss or damages of any kind, including costs, attorney's fees or other expenses, including without limitation, any federal or state statute or local ordinance or any common law cause of action, such as claims for unpaid minimum and overtime wages, age discrimination, gender discrimination, race or nationality discrimination, sexual harassment, retaliation, breach of contract (express or implied), unjust enrichment, breach of a covenant of good faith and fair dealing, inadequate notice, fraud, unpaid wages or commissions or bonuses, negligence, gross negligence, negligent hiring, training, retention and supervision, intentional infliction of emotional distress, wrongful or unlawful termination or discharge, defamation, assault, battery or claims of personal injury that occurred or existed prior to the date of executing this agreement. The listing of claims above is intended to be illustrative and not exhaustive.

Each party understands that this means that the parties are releasing each other, and may not bring claims against each other under, *inter alia*,

- Any and all other laws, statutes, ordinances, treaties, rules or regulations of the United States of America, or any other country, state, county, municipality, or political subdivision thereof;

2 of 9

_W4_ WILLIAM JOSE GUERRERO-VARGAS    _CA_ AMF INDUSTRIAL, LLC.
                                      _CA_ CARLOS J. AROCHA ESTRADA

- Any claims arising under any other federal, state or local statute or act, ordinance, regulation, custom, rule or policy;
- Claims for breach of a contract, implied contract, or *quantum meruit*, or any cause of action or claim for tort damages, negligence or personal injury by, between, or among the Parties;
- Claims under any instruments, agreements, or documents entered into by, between, or among the Parties; and
- All claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, or suspected or unsuspected, which either party now owns or holds, or has owned or held against the other, including, but not limited to, any and all claims, demands, liabilities, causes of action, and all incurred attorney's fees and costs, which arise out of, or are in any way connected with Plaintiff's employment with, or the separation of Plaintiff's employment with the Defendants, or which arise out of or are in any way connected with any loss, damage, or injury, whatsoever to Defendants resulting from any act or omission by or on the part of Plaintiff committed prior to the date of this Agreement.

In consideration for the mutual promises exchanged herein, Plaintiff and Defendants release and forever discharge each other from any and all claims of any kind which Plaintiff and Defendants had, now have, or hereinafter can, shall or may have against the other party, whether known or unknown to them, by reason of any acts, omissions, events, matters, causes, facts or things occurring or existing prior to the date this Agreement is fully executed and unconditionally delivered by the Parties.

This Agreement shall affect the release of all claims which were, or could have been, asserted by and among Plaintiff and Defendants in the lawsuit styled *WILLIAM JOSE GUERRERO-VARGAS and all others similarly situated under 29 U.S.C. 216(b) v. AMF INDUSTRIAL, LLC. and CARLOS J. AROCHA ESTRADA, CASE NO.: 1:21-cv-23844-FAM*, pending before the United States District Court, Southern District of Florida (hereinafter referred to as the "Litigation").

2. **Settlement Amount[1] and Attorney's Fees**. In consideration of the mutual promises exchanged herein, Defendants, jointly and severally, shall pay the total sum of Thirty Thousand Dollars and 00/100 Cents ($30,000.00) (the "Settlement Funds"), inclusive of attorneys' fees and costs, to be issued to the J.H. Zidell, P.A. Client Trust Account for which a 1099 will be issued. The total settlement amount will be paid by Defendants in two (2) installment payments to be apportioned in accordance with (a) and (b) below and to be paid in the manner as follows: i) First Settlement Funds installment payment in the amount of $15,000.00, dated March 25, 2022;

---

[1] Defendants will pay $30,000.00 irrespective of the allocation of the settlement proceeds set forth herein.

3 of 9



WILLIAM JOSE GUERRERO-VARGAS    AMF INDUSTRIAL, LLC.
                                CARLOS J. AROCHA ESTRADA

ii) Second Settlement Funds installment payment in the amount of $15,000.00 dated April 25, 2022. Both payments are to be delivered to J.H. Zidell, P.A. on or before March 10, 2022. Plaintiff's Counsel shall not deposit any check received prior to its date stated and shall not be disbursed until Court approval. The Settlement Funds installment payments shall be delivered to J.H. Zidell, P.A., 300 71st Street, Suite 605, Miami Beach, FL 33141.

    a.    Plaintiff WILLIAM JOSE GUERRERO-VARGAS shall receive a total of Fifteen Thousand Dollars and 00/100 cents ($15,000.00), of which Seven Thousand Five Hundred Dollars and 00/100 cents ($7,500.00) represents alleged unpaid overtime wages and Seven Thousand Five Hundred Dollars and 00/100 cents ($7,500.00) represents alleged liquidated damages; and

    b.    Plaintiff's Counsel shall receive a total of Fifteen Thousand Dollars and 00/100 cents ($15,000.00), of which Fourteen Thousand Four Hundred Sixteen Dollars and 00/100 ($14,416.00) represents attorneys' fees and Five Hundred Eighty Four Dollars and 00/100 ($584.00) represents costs in this action.

The Parties further agree to submit the appropriate approval and dismissal documents with the Court by no later than March 14, 2022.

    3.    **Payment Default**. Should Defendants, jointly and severally, fail to make each payment of the Settlement Funds as described above, or should any issue arise with the payment for any reason whatsoever, Plaintiff's counsel shall give written notice via e-mail to Defense Counsel, Yadhira Ramírez-Toro, Esq., at yadhira@tremblylaw.com, copying daniela@tremblylaw.com, ibelise@tremblylaw.com and steven@tremblylaw.com.

In the event that Defendants, jointly and severally, cure said breach within three (3) days of receiving written notification via e-mail, Defendants, jointly and severally, shall pay the breached amount and an additional One Thousand Dollars and 00/100 Cents ($1,000.00).

In the event that Defendants, jointly and severally, fail to cure said breach including the amount of an additional One Thousand Dollars and 00/100 Cents ($1,000.00) within three (3) days of receiving the written notification via e-mail, then Plaintiff may proceed to file for a default judgment against Defendants, jointly and severally, in the amount of Thirty Five Thousand Dollars and zero cents ($35,000.00).

The Parties agree and stipulate that this "Payment Default" provision is **not** a penalty provision of any sort but is rather included to insure full and timely payment of the Settlement Funds. The Parties further stipulate and agree that this "Payment Default" provision is a material part of this Settlement Agreement and was bargained for as valuable consideration in order for the Parties to have reached a settlement of the Litigation. It is agreed and stipulated by the Parties that the amounts included in this "Payment Default" provision are the best forecast that can be used for the damages that the Plaintiff will suffer should the Defendants, jointly and severally, fail to make

_/s/_ WILLIAM JOSE GUERRERO-VARGAS    _/s/_ AMF INDUSTRIAL, LLC.
    _/s/_ CARLOS J. AROCHA ESTRADA

timely and complete payment of the Settlement Funds because the precise measure of what said damages would amount to in the event of default/breach are inascertainable at the time this Settlement Agreement has been executed by both Parties. If breach/default occurs, Plaintiff's counsel shall be entitled to attorney's fees and costs incurred related to the same and for collection.

4. **Mutual Confidentiality**. It is understood and agreed that the existence, terms, conditions and monetary amount of this AGREEMENT, specifically including, but not limited to, the fact that there has been a settlement, are confidential and that PLAINTIFF shall not disclose, publicize, discuss, publish or disseminate the existence, terms, conditions or monetary amount of this AGREEMENT or the existence, terms, conditions or monetary amount of the settlement of PLAINTIFF'S claims from the Effective Date going forward. In the event any other person or entity asks PLAINTIFF about the lawsuit or about any of the disputes relating to PLAINTIFF'S association or employment with the DEFENDANTS, PLAINTIFF shall respond only that the matter was amicably resolved and shall provide no further information. Further, PLAINTIFF agrees not to disclose to any other person or otherwise use any information contained in any of the documents or information they have obtained from DEFENDANTS.

THE DEFENDANTS agree that the existence, terms, conditions and monetary amount of this AGREEMENT, specifically including, but not limited to, the fact that there has been a settlement, are confidential and that DEFENDANTS and their legal representatives shall not disclose, publicize, discuss, publish or disseminate the existence, terms, conditions or monetary amount of this AGREEMENT or the existence, terms, conditions or monetary amount of the settlement of PLAINTIFF'S claims, or the existence of a dispute, from the Effective Date going forward. In the event any other person or entity asks DEFENDANTS about the lawsuit or about any of the disputes relating to PLAINTIFF'S association with or employment with DEFENDANTS, they shall respond only that the matter was amicably resolved and shall provide no further information.

This confidentiality requirement <u>does not</u> preclude PLAINTIFF or DEFENDANTS from disclosing the existence, terms, conditions and monetary amount of this AGREEMENT:
**a)** to their lawful spouse, legal representatives, shareholders, members, partners, managers, officers, management and human resources personnel, attorneys (including co-counsel), accountants, insurers and tax preparers; **b)** to Government officials upon request or pursuant to subpoena, in response to a Court order, or when required for court approval; **c)** for enforcement of agreement. In the event disclosure is required to a spouse, legal representative, shareholders, members, partners, managers, officers, management and human resources personnel, attorneys (including co-counsel), accountant, or tax preparer, it shall be the parties' responsibility to advise said individual(s) of the confidential nature of this AGREEMENT and to secure from such individual his or his assent to be bound by this confidentiality agreement not to disclose, publicize or discuss this AGREEMENT or any of their terms with anyone else. In the event disclosure is required to government officials upon request or pursuant to subpoena, in response to a Court

5 of 9

\_\_\_\_ WILLIAM JOSE GUERRERO-VARGAS   \_\_\_\_ AMF INDUSTRIAL, LLC.
                                       \_\_\_\_ CARLOS J. AROCHA ESTRADA

order, PLAINTIFF and DEFENDANTS shall provide notice to the other Parties within three (3) days of such requests, to permit the assertion of what rights are available to them.

5. **Indemnification**. Plaintiff acknowledges and agrees that it shall be solely and exclusively Plaintiff's obligation and responsibility to report to the appropriate governmental agencies and other authorities all monies received as wages and/or other compensation under this Agreement and to report and pay all related taxes or impositions. Plaintiff shall indemnify and hold harmless Defendants, their directors, officers, owners, employees, subsidiaries and affiliates from and against any and all claims, damages, losses, liabilities or obligations asserted, or imposed and/or threatened against Defendants by any person or entity relating, directly or indirectly, to the monies received by Plaintiff hereunder as wages and/or other compensation, including, without limitation, Plaintiff, the IRS, or any other person, except as to any tax withholdings that Defendants could be found legally liable for Plaintiff with regards to Plaintiff's entire employment period with the Defendants, if any.

6. **Attorneys Not Tax Experts.** The Parties acknowledge that the attorneys involved in this Settlement Agreement or the Litigation do not claim to be an expert in tax matters. The Parties further acknowledge and agree that they have neither received nor relied on any tax advice or information from any attorney involved in negotiating this Settlement Agreement or the Litigation.

7. **Non-Admission Clause.** By entering into this Agreement, Defendants do not admit any liability whatsoever to Plaintiff or to any other person arising out of any claims asserted in the Litigation, or that could have been asserted in the Litigation, including but not limited to any claim under the FLSA and expressly deny any and all such liability. The parties have elected to voluntarily enter into this Agreement to settle, compromise and resolve their differences without admitting the validity of or any liability for the claims asserted by Plaintiff against Defendants. Plaintiff agrees that neither this Settlement Agreement nor the furnishing of any consideration under this Agreement shall be construed or interpreted as an admission of any wrongdoing, unlawful conduct, fault or liability by Defendants.

8. **Mutual Non Disparaging Remarks**. The Parties agree that they will not disparage, defame, or otherwise say anything negative about each other, by written or oral word, gesture, or any other means, nor will they make any disparaging or negative comments about each other, to any person or entity.

9. **Neutral Reference**: In the event that a prospective employer requests an employment reference for Plaintiff, the parties agree that Defendants shall only provide the dates, position held by Plaintiff and his rate(s) of pay while working for Defendants.

6 of 9

_WILLIAM JOSE GUERRERO-VARGAS_       _AMF INDUSTRIAL, LLC._
                                      _CARLOS J. AROCHA ESTRADA_

10. **Binding Nature of Agreement:** This Agreement shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of each party and to their respective heirs, administrators, representatives, executors, successors, and assigns.

11. **Jurisdiction.** The Parties agree that jurisdiction over this matter shall be in United States District Court, Southern District of Florida which is presiding over the Litigation. The Agreement is governed by the substantive law of the State of Florida, and where applicable, federal law. If the district court chooses not to retain jurisdiction, then this Agreement shall be enforceable in the appropriate court in Miami-Dade County, Florida.

12. **Severability.** In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

13. **Entire Agreement.** This Agreement constitutes the complete understanding of the parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by these parties shall be binding unless reduced to writing and signed by an authorized representative of each party.

14. **Enforcement.** In the event any action is commenced to enforce said settlement agreement or for a proven breach of this Agreement, the prevailing party shall be entitled to reasonable fees and costs.

15. **Voluntariness.** The Parties certify that they have fully read, negotiated, and completely understood the provisions of this Agreement, that each Party has been advised by the other to consult with an attorney before signing the Agreement, and that each Party is signing freely and voluntarily, and without duress, coercion, or undue influence. The Parties each acknowledge that he/it are entering into this Agreement freely and voluntarily and with complete understanding of all the rights he/it is waiving in this Agreement and of the irrevocable nature of same. Plaintiff and Defendants acknowledge that they have consulted with counsel of their own choosing before executing this Settlement Agreement.

16. **Counterparts:** This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement. Signatures to this Settlement Agreement transmitted by facsimile, by electronic mail in portable document format (".pdf"), or by any other electronic means intended to preserve the original

7 of 9

_WJG_ WILLIAM JOSE GUERRERO-VARGAS    _CA_ AMF INDUSTRIAL, LLC.
                                      _CA_ CARLOS J. AROCHA ESTRADA

graphic and pictorial appearance of a document, including the use of DocuSign or AdobeSign, will have the same effect as physical delivery of the paper document bearing a wet ink signature. Such signed copies of this Settlement Agreement shall be deemed enforceable and will be deemed an original for purposes of the Florida Evidence Code and the Federal Rules of Evidence or for purposes of enforcement due to breach.

17. **Construction.** Plaintiff and Defendants have jointly participated in the negotiation of this Agreement and this Agreement is the product of joint draftsmanship by the Parties. In the event of an ambiguity or question of intent or interpretation arises, this Agreement shall be construed as if it was drafted jointly by the Parties and no presumptions or burdens of proof shall arise favoring any party by virtue of authorship of this Agreement.

18. **Headings**. The Parties agree that the headings used in this Agreement are for convenience and reference only and in no way define, describe, extend, or limit the scope or intent of this Agreement or the intent of any provision in it.

19. **Cooperation**. The Parties agree to cooperate fully in the execution of any documents or performance in any way which may be reasonably necessary to carry out the purposes of this Agreement and to effectuate the intent of the Parties hereto.

20. **Translation:** By signing this Agreement, Plaintiff certifies that an attorney has translated this Agreement from the original English language to Spanish to allow Plaintiff to understand the same and that he fully understands the terms and conditions of this Agreement. **TRADUCCIÓN: AL FIRMAR ESTE ACUERDO, EL DEMANDANTE CERTIFICA QUE UN ABOGADO LE HA TRADUCIDO ESTE ACUERDO DEL ORIGINAL EN INGLÉS AL ESPAÑOL PARA PERMITIRLE AL DEMANDANTE QUE LO ENTIENDA Y QUE ÉL ENTIENDE COMPLETAMENTE LOS TÉRMINOS Y CONDICIONES DE ESTE ACUERDO.**

8 of 9

\_\_\_\_ WILLIAM JOSE GUERRERO-VARGAS    \_\_\_\_ AMF INDUSTRIAL, LLC.
                                        \_\_\_\_ CARLOS J. AROCHA ESTRADA

| | |
|---|---|
| *[signature]* <br> WILLIAM JOSE GUERRERO-VARGAS <br> Date: 03-14-2022 | AMF INDUSTRIAL, LLC <br><br> *Carlos arocha* <br> Carlos arocha (Mar 11, 2022 15:41 EST) <br> By: Carlos arocha <br> Title: Authorized Managing Member <br> Date: Mar 11, 2022 <br><br> CARLOS J. AROCHA ESTRADA <br><br> *Carlos arocha* <br> Carlos arocha (Mar 11, 2022 15:41 EST) <br> Date: Mar 11, 2022 |